# Rhoads & Shuster *v.* Thomas Fitzpatrick (et al., trading as the Central Coal Dealers Assn.), Appellant.

*Affidavit of defence—Parties—Partnership.*

In an action to recover the price of coal, against defendant and twenty-eight other persons "now or late doing business as the Central Coal Dealers' Association," an affidavit of defence is sufficient which avers that defendant was not a member of the association during the period within which the coal was sold and delivered, and that this fact was known to one of the plaintiffs.

Argued Jan. 23, 1895.   Appeal, No. 62, Jan. T., 1895, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1894, No. 1485, making absolute a rule for judgment for want of a sufficient affidavit of defence.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Assumpsit for coal sold and delivered.

The record showed that the suit was brought against Thomas Fitzpatrick and twenty-eight other persons "now or late doing business as the Central Coal Dealers' Association."

The affidavit of defence was as follows:

"Thomas Fitzpatrick, being duly sworn according to law, deposes and says, that he has a full, just and complete defence to the plaintiffs' claim of the following nature and character, to wit: That no coal was sold and delivered to deponent as averred in the statement of plaintiff filed in the above case; that he is not now and has not been connected in any way with the Central Coal Dealers' Association since Dec. 13, 1892; that he is not indebted to plaintiffs in any sum whatever for coal sold and delivered, or for any other account whatsoever, all of which deponent believes to be true and expects to be able to prove upon the trial of the above cause."

A supplemental affidavit of defence averred:

"1. That there is no averment in the plaintiffs' statement that deponent was a member of said association at the time the coal was sold and delivered.

"2. That plaintiff never dealt with said association while deponent was a member, and W. Durell Shuster, one of the

above-named plaintiffs, knew that deponent was not a member of said association when the coal was sold and delivered.

" 3. That deponent was treasurer of said association, and withdrew as a member Dec. 13, 1892, and at said date the association was not indebted to any one.

" 4. That W. Durell Shuster, plaintiff, knowing that deponent was not a member of said association, has several times stopped him since his retirement and endeavored to sell him coal.

" 5. That deponent has not been connected with the association since his retirement as aforesaid and is not indebted to the plaintiff in any sum whatever."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*Charles J. Sharkey, John W. Martin* with him, for appellant, cited: Robinson v. Floyd, 159 Pa. 165; 1 Chit. Pl., 8th Am. ed. 225; Kaufmann v. Iron Co., 105 Pa. 542.

*William H. Shoemaker*, for appellees, cited: McLane v. Hoffman, 164 Pa. 491; Robinson v. Floyd, 159 Pa. 172; Clark v. Fletcher, 96 Pa. 416; Forepaugh v. Baker, 21 W. N. 299; Brown v. Clark, 14 Pa. 476; 3 Kent Com. *66; Shamburg v. Ruggles, 83 Pa. 148; Campbell v. Floyd, 153 Pa. 93; Selden v. Neemes, 43 Pa. 423; Bardsley v. Delp, 88 Pa. 421; Market Co. v. Brooks, 163 Pa. 40; Moore v. Somerset, 6 W. & S. 262; Gould v. Gage, 118 Pa. 565; Endlich, Aff. Def., 361, 362 and 363.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb 4, 1895:

This suit against the appellant, Thomas Fitzpatrick, and twenty-eight others, " now or late doing business as the Central Coal Dealers' Association," was brought by Samuel H. Rhoads and W. Durrell Shuster, trading as Rhoads & Shuster, to recover $1,102.20, balance book account for coal alleged to have been sold and delivered by plaintiffs to the association defendant between the first of January and the sixth of May, 1894, with interest, etc.

Assuming for the present that plaintiffs' statement is sufficiently specific, the sole question is whether appellant's affidavits do not present a good defence? After averring " that he has a full, just and complete defence to the plaintiffs' claim," he further says, inter alia, that " he is not now and has not been connected in any way with the Central Coal Dealers' Association since December 13, 1892; that he is not indebted to plaintiffs in any sum whatever for coal sold and delivered, or for any other account whatsoever; . . . that plaintiffs never dealt with said association while deponent was a member, and W. Durrell Shuster, one of the above named plaintiffs, knew that deponent was not a member of said association ; " and, in substance, he further says that he withdrew from said association in December, 1892, and has not since been connected therewith.

Assuming, as we must, for the purposes of this appeal, that these and other averments, contained in the affidavits of defence, are true, it is very evident that the plaintiffs were not entitled to judgment for want of a sufficient defence, and hence the court erred in making the rule for judgment absolute. Appellant not only denies that he was a member of the defendant association during the period within which the coal was sold and delivered, but he positively avers that this fact was known to one of the plaintiffs. This was quite sufficient to put the plaintiffs to proof of the fact that appellant was a member of the defendant association to which the coal was sold and delivered, or of such other facts as would make him jointly liable with those who then composed said association.

Judgment reversed and a procedendo awarded.